Allen J. Baden (CA Bar #255805)
abaden@edgelawgroup.com
Edge Law Group
100 Los Gatos – Saratoga Rd., Ste. B
Los Gatos, California 95032
Tel. (650) 460-8050
Fax (650) 460-8060

*Attorneys for Peak Health Center*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| PEAK HEALTH CENTER, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br><br>BRANDON DORFMAN, a resident of Pennsylvania, and DOES 1 – 10,<br><br>Defendants. | Civil Action No. 19-CV-4145-<br><br>**COMPLAINT FOR:**<br><br>1) **TRADE LIBEL;**<br>2) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>3) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>4) **FEDERAL UNFAIR COMPETITION; and**<br>5) **UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.**<br><br>**DEMAND FOR JURY TRIAL** |

Peak Health Center ("Plaintiff") alleges as follows, with knowledge concerning its own actions and on information and belief as to all other allegations:

### THE PARTIES

1. Plaintiff is a developer, seller and distributor of phyto (plant-based) pharmaceuticals and supplements. Plaintiff maintains an office in the County of Santa Clara,

State of California. Plaintiff has enjoyed an excellent reputation and its products have been well-received.

2. One of Plaintiff's principals invented patent pending methods of using and extracting cannabidiol – CBD – from *Humulus yunnanensis var kriya*, a proprietary strain of a plant member of the hops family, which is distinct from the *Humulus lupulus* form of hops commonly used in brewing beer and from cannabis (marijuana) and hemp. Plaintiff and its affiliates are the only source of CBD from a non-cannabis plant and sell CBD based products under the Kriya, ImmunAG and other trademarks.

3. Brandon Dorfman is and at all times herein mentioned was a resident of Philadelphia County, Pennsylvania ("Dorfman").

4. Dorfman was employed at the media company PotNetwork Holdings, Inc. ("POTN"), a Colorado corporation with a principal business office in the City and County of Los Angeles, State of California. POTN no longer employs Dorfman.

5. Dorfman held the position of Editor in Chief and contributed articles to POTN's website at www.potnetwork.com, including the article that is the subject of the dispute titled, "A PotNetwork News investigative report: Bomi Joseph's 'hops-derived' CBD was a world-changing cannabis alternative fought over by Isodiol and Medical Marijuana, Inc. But he lied about his discovery – and his identity," a true and copy of which is attached as Exhibit A to this Complaint (the "Article").

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, which therefore sues said Defendants by such fictitious names (the "Does;" Dorfman and the Does collectively, "Defendants"). Each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings referred to, either contractually or tortuously. Plaintiff will seek leave to amend this Complaint with the true names and capacities of the fictitiously-named Does once such information is available.

7. Each of the Does was, at all times pertinent hereto, the agent, servant, employee, joint venture, and/or partner of each of the other Defendants, and in doing the things alleged, each Doe was acting within the scope of authority conferred upon that party by consent, approval and/or ratification, whether the authority was actual or apparent.

## JURISDICTION AND VENUE

8. This action is an action at law and in equity for defamation-libel per se, trade libel, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage under the common law of California.

9. This Court has federal question jurisdiction over this controversy under 28 U.S.C. §§ 1131 inasmuch as the Court is asked to resolve claims for federal unfair competition based upon a disputed allegation arising under the Lanham Act.

10. Further, this Court has original jurisdiction over this controversy under 28 U.S.C. § 1332 via diversity jurisdiction because the Plaintiff and Defendants reside in different states.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

12. This Court has personal jurisdiction over Defendants. Dorfman regularly and continuously conducted business in this District at all times relevant to the instant dispute as a writer and editor-in-chief for POTN. The Does purportedly aided Dorfman in this District at all times relevant to the instant dispute.

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Northern District of California Local Rule 3-2, this civil action should be assigned to the San Jose Division because a substantial part of the events or omissions which give rise to the claims occurred in Santa Clara County.

## FACTUAL ALLEGATIONS

14. On or about February 25, 2019, Dorfman wrote the Article and caused it to be posted on POTN's website. The Article contained many written libelous statements, including that Plaintiff's products and product claims are inaccurate and that, by extension Plaintiff

engaged in fraudulent activities. The Article also falsely disparaged details regarding the source and status of Plaintiff's *Humulus* (instead of hemp or marijuana) derived CBD invented, marketed and sold by Plaintiff and its affiliates.

15. The Article alleges Plaintiff is not credible, employs a dishonest scientist and businessman, and is dishonest about the source of its proprietary CBD and contents of its associated products. The Article contains many other false, disparaging statements. Plaintiff has been exposed to hatred, contempt, ridicule, and obloquy because of the libelous statements in the Article.

16. As a result of the Article written and caused to be published by Dorfman, Plaintiff has suffered loss of its reputation and loss of business opportunities.

17. Defendants' actions were willful and malicious, and intended to harm Plaintiff's commercial interests, to the benefit of the Defendants and their affiliated entities. Dorfman's authorship of the Article was for commercial, not journalistic purposes, as he was employed by a competitor of Plaintiff when he wrote the Article or otherwise profited from the harm caused by the Article.

18. While POTN recently removed the Article from its website, the associated harm continues, as numerous third parties posted links to or copied excerpts from the Article to their websites and blogs.

## FIRST CAUSE OF ACTION FOR TRADE LIBEL
## AGAINST ALL DEFENDANTS

19. Plaintiff realleges and incorporates Paragraphs 1 through 18.

20. Defendants made false, disparaging, and defamatory libelous statements regarding Plaintiff's business and CBD products that Defendants knew such statements were false when they were made.

21. Defendants' libelous statements relating to Plaintiff and its products were intentionally made to injure Plaintiff's business, business reputation, and ability to provide

products, or should have been recognized by Defendants as being likely to cause harm to Plaintiff and its affiliated businesses.

22.     As a result of such trade libel, Plaintiff has suffered actual pecuniary damage in lost prospective business with existing and potential clients and customers deterred from doing business with Plaintiff and its affiliated businesses.

23.     Plaintiff is entitled to an award of general, special, punitive and exemplary damages based on Defendants' intentional, willful, malicious, despicable and oppressive conduct in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST ALL DEFENDANTS

24.     Plaintiff realleges and incorporates Paragraphs 1 through 23.

25.     Plaintiff has existing customers and clients all over the world and prospective business relationships with various customers and clients in the health, nutrition, supplements, and cosmetics industries and fields with a probability of economic benefit from those relationships.

26.     At all relevant times, Defendants were aware of Plaintiff's existing and reasonably expected relationships with third party clients and customers in the relevant industries, and of Plaintiff's probability of future economic benefit from those relationships.

27.     Defendants knew of the facts alleged herein, but nevertheless intentionally interfered with Plaintiff's prospective business advantage by writing and publishing the Article containing libelous statements about Plaintiff and its affiliated businesses. Defendants targeted Plaintiff's clients and attempted to dissuade those clients from doing business with Plaintiff via publication of the Article in order to further their own financial benefit, including by having CBD from hemp or marijuana as the primary source of CBD for the marketplace.

28. As a direct and proximate consequence of this interference, Plaintiff's relationships with its clients, customers and business co-venturers have been harmed, and Plaintiff has suffered actual damage to its business and trade. Plaintiff lost business prospects who would have otherwise continued to conduct business with Plaintiff or conducted business with Plaintiff in an amount unknown but believed to exceed $10,000,000.

29. Plaintiff is entitled to an award of general, special, punitive and exemplary damages based on Defendants' intentional, willful, malicious, despicable and oppressive conduct of at least $10,000,000.

## THIRD CAUSE OF ACTION
## FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST ALL DEFENDANTS

30. Plaintiff realleges and incorporates Paragraphs 1 through 29.

31. At all relevant times, Defendants were aware or should have reasonably known if they did not act with due care, their acts would interfere with or disrupt Plaintiff's prospective economic advantages.

32. Defendants breached their duty owed to Plaintiff to act with reasonable care by engaging in wrongful conduct via writing and publishing misrepresentations about Plaintiff, its business and its products.

33. Defendants should have known their libelous statements would interfere with Plaintiff's prospective economic advantage.

34. As a direct and proximate consequence of Defendants' interference with Plaintiff's relationships and prospective with its customers, clients, and business co-venturers, Plaintiff suffered actual damage to its business, trade, and standing in the industry.

35. Plaintiff is entitled to an award of general and special damages based on Defendants' negligent conduct in an amount to be determined at trial.

# FOURTH CAUSE OF ACTION
# FOR FEDERAL UNFAIR COMPETITION
# AGAINST ALL DEFENDANTS

36. Plaintiff realleges and incorporates Paragraphs 1 through 35.

37. Defendants' aforementioned acts constitute unfair competition in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

38. Defendants have performed the acts and omissions complained of herein knowing that they would, with the intent to, cause confusion, mistake or deception as to the source of Plaintiff's goods and Plaintiff's business practices..

39. Defendants' actions have caused and are likely to cause substantial injury to Plaintiff, its business, goodwill and reputation.

40. Plaintiff is entitled to an award of general, special, punitive and exemplary damages based on Defendants' intentional, willful, malicious, despicable and oppressive conduct.

41. Plaintiff is further entitled to its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1116 and 1117.

# FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES UNDER
# CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200
# AGAINST ALL DEFENDANTS

42. Plaintiff realleges and incorporates Paragraphs 1 through 41.

43. Defendants' aforementioned acts constitute unfair competition in violation of the California Business and Professions Code § 17200.

44. Defendants' actions have caused and are likely to cause substantial injury to Plaintiff, its business, goodwill and reputation.

45. Plaintiff is entitled to an award of general, special, punitive and exemplary damages based on Defendants' intentional, willful, malicious, despicable and oppressive conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For general and special damages in the sum of $10,000,000 or more, according to proof at time of trial;

b. For punitive and exemplary damages to be determined at trial;

c. For the cost of suit incurred, including reasonable attorneys' fees; and

d. For such other and further relief as the Court may deem proper and just.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Northern District of California Local Rule 3-6, Plaintiff Peak Health Center demands a trial by jury on all issues so triable

Dated: July 18, 2019                EDGE LAW GROUP

By: _____
Allen J. Baden (CA Bar #255805)
Email: abaden@edgelawgroup.com
100 Los Gatos – Saratoga Rd., Ste. B
Los Gatos, California 95032
Tel. (650) 460-8050
Fax (650) 460-8060

*Attorneys for Peak Health Center*