UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEAK HEALTH CENTER,<br><br>         Plaintiff,<br><br>   v.<br><br>BRANDON DORFMAN,<br><br>         Defendant. | Case No.  19-cv-04145-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 55 |

Defendant Brandon Dorfman moves for attorneys' fees and costs pursuant to California's Anti-Strategic Litigation Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure § 425.16(c).  Dkt. No. 55.  Plaintiff Peak Health Center ("Peak Health") opposes the motion.  Dkt. No. 58.

Pursuant to Civil Local Rule 7-1(b), the Court finds Mr. Dorfman's motion suitable for decision without oral argument.  For the reasons described below, the Court grants in part and denies in part the motion for fees.

## I.    BACKGROUND

Peak Health filed this action on July 18, 2019, followed by a first amended complaint ("FAC") on July 30, 2019 asserting claims for trade libel; intentional interference with prospective economic advantage; negligent interference with prospective economic advantage; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under California Business and Professions Code § 17200 et seq.  Dkt. Nos. 1, 8.  The FAC focused on seven statements that Mr. Dorfman made or published in a news article concerning Peak Health's claim to have developed a strain of hops plant as a source of cannabidiol instead of a hemp or cannabis plant.  Dkt. No. 8 ¶¶ 20-21.

United States District Court<br>Northern District of California

Mr. Dorfman moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Dkt. No. 10. He also filed an anti-SLAPP motion to strike the FAC. Dkt. No. 11. The Court granted Mr. Dorfman's motion to dismiss the FAC with leave to amend and denied without prejudice the anti-SLAPP motion. Dkt. No. 36. In its order, the Court found that Peak Health failed to state a claim for any of the asserted claims and that three of the seven challenged statements qualified for First Amendment protection. The Court also determined that Peak Health's FAC did not comply with Rule 9(b)'s heightened pleading requirement because it failed to explain why the seven challenged statements were false. Because the Court granted leave to amend, it denied Mr. Dorfman's anti-SLAPP motion without prejudice to renewal following amendment of the FAC.

Peak Health filed its second amended complaint ("SAC") on November 26, 2019, asserting claims for trade libel, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Dkt. No. 37. The SAC challenged the same seven statements as the FAC. *Id.* ¶¶ 20-21. Mr. Dorfman moved to dismiss the SAC pursuant to Rules 9(b) and 12(b)(6) and again moved to strike under the anti-SLAPP statute. Dkt. Nos. 44, 45. Mr. Dorfman's motion to dismiss repeated his previous argument that the First Amendment protected all seven challenged statements, despite the Court's earlier ruling that it did not. Dkt. No. 44 at 10–20.

The Court granted in part and denied in part Mr. Dorfman's 12(b)(6) motion based on First Amendment protection. Dkt. No. 54. The Court determined that while three of the seven challenged statements qualified for First Amendment protection, the remaining four did not. *Id.* at 12. With respect to those four unprotected statements, the Court dismissed Peak Health's claims for failure to comply with Rule 9(b)'s heightened pleading requirement. *Id.* 13–14. Because Peak Health had already amended its complaint twice and could not explain how it could cure the defects in the SAC if given another opportunity to amend, the Court denied leave to amend. *Id.* at 14–15. The Court granted Mr. Dorfman's anti-SLAPP motion, concluding that Mr. Dorfman had shown that Peak Health's claims arose from protected activity within the meaning of the anti-SLAPP statute and that Peak Health had failed to show it would probably prevail on the merits.

1   *Id.* at 15–18.

2   **II.      LEGAL STANDARD**

3         "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or

4   her attorney's fees and costs."  Cal. Code Civ. Proc. § 415.16(c)(1).  The attorneys' fee award is

5   mandatory.  *See Makaeff v. Trump Univ.*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J.,

6   concurring); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1026–27

7   (N.D. Cal. 2017).  A defendant is "entitled to recover attorney[s'] fees and costs incurred in

8   moving to strike the claims on which . . . [they] prevailed, but not fees and costs incurred in

9   moving to strike the remaining claims."  *Resolute Forest*, 302 F. Supp. 3d at 1027 (internal

10  quotation marks omitted).

11        Section 425.16 does not expressly limit a fee award to "reasonable" fees, but California

12  courts have construed the statute to contain a reasonableness requirement.  *E.g.*, *Lunada*

13  *Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014) ("[E]ach fee application under section

14  425.16, subdivision (c) must be assessed on its own merits . . . taking into account what is

15  reasonable under the circumstances." (internal quotation marks and citation omitted)).  Fees must

16  be awarded "only for the motion to strike, not the entire litigation."  *Christian Research Inst. v.*

17  *Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).  Fees also are recoverable for the reasonable time

18  spent seeking an award of attorneys' fees and costs.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133

19  (2001).  The anti-SLAPP fee-shifting provision "is broadly construed so as to effectuate the

20  legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting

21  herself from a baseless lawsuit."  *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014)

22  (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 22

23  (2006)).

24        A court's analysis of a reasonable fee award starts with the lodestar, which the court

25  calculates by multiplying the number of hours reasonably spent by counsel by a reasonable hourly

26  rate.  *Ketchum*, 24 Cal. 4th at 1133.  "[T]he lodestar is the basic fee for comparable legal services

27  in the community . . . ."  *Id.* at 1132.

28        A court may adjust the lodestar based on several factors.  *Id.*  "The purpose of such

United States District Court
Northern District of California

adjustment is to fix a fee at the fair market value for the particular action.  In effect, the court

determines, retrospectively, whether the litigation involved a contingent risk or required

extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate

the fair market value for such services." *Id.*  To determine whether a multiplier should be applied,

courts consider several factors, including the novelty or difficulty of the questions involved, the

expertise and capability of counsel, the results obtained, the contingent risk involved in the case,

the extent to which the nature of the litigation precluded other employment by the attorneys, and

whether the attorneys received public and/or charitable funding.  *Id.*; *Rogel v. Lynwood*

*Redevelopment Agency*, 194 Cal. App. 4th 1319, 1329 (2011) (citing *Serrano v. Priest*, 20 Cal. 3d

25, 49 (1977)).  Where "a plaintiff has achieved only partial or limited success, the product of

hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an

excessive amount. . . . [T]he most critical factor [in determining a reasonable fee award] is the

degree of success obtained."  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

## III.    DISCUSSION

As the Court has already held, Mr. Dorfman is entitled to recover fees and costs incurred in

moving to strike the claims on which he prevailed.  Dkt. No. 54 at 18.  Mr. Dorfman seeks fees[1] in

the amount of $65,934 for work done in connection with his motion to dismiss the SAC, the

second anti-SLAPP motion, and the instant motion for fees.  Dkt. No. 55 at ECF pp.3, 9–12.

### A.    Whether Mr. Dorfman Is Entitled to a Fee Award

Peak Health opposes Mr. Dorfman's motion for fees on two grounds.  First, Peak Health

argues that a defendant cannot be said to have prevailed where the anti-SLAPP motion is granted

as to fewer than all of its claims.  Dkt. No. 58 at 6–7.  Second, Peak Health contends that the Court

should not award fees to Mr. Dorfman because the anti-SLAPP motion had "no practical effect"

on the outcome of the litigation.  *Id.* at 1–3, 5–8 (citing *Moran v. Endres*, 135 Cal. App. 4th 952,

956 (2006); *Lin v. City of Pleasanton*, 175 Cal. App. 4th 1143, 1159 (2009)).  The Court considers

each argument below.

---

[1] Mr. Dorfman does not appear to seek costs.  *See* Dkt. No. 55.

United States District Court
Northern District of California

1. **Whether Mr. Dorfman prevailed**

Peak Health argues that because the Court found that four of the challenged statements were not constitutionally protected, Mr. Dorfman did not prevail as to all of his claims. Dkt. No. 58 at 6–7. This argument confuses claims for relief with theories of liability. Peak Health asserted three claims against Mr. Dorfman: trade libel, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Dkt. No. 37. The Court ultimately dismissed all three claims, and therefore Mr. Dorfman prevailed on all of them. Dkt. No. 54.

"A defendant that successfully moves to strike a plaintiff's cause of action, whether on merits or nonmerits grounds, has 'prevailed' on the motion, and therefore is entitled to attorney's fees and costs under [the anti-SLAPP statute]." *Barry v. State Bar of Cal.*, 2 Cal. 5th 318, 327 (2017). Thus, because the Court granted Mr. Dorfman's anti-SLAPP motion to strike, he is the prevailing party and is entitled to a fee award. To the extent Peak Health contends that Mr. Dorfman was required to prove that all challenged statements received First Amendment protection, that argument is unavailing. First Amendment protection is sufficient but not necessary to prevail under the anti-SLAPP statute. Cal. Civ. Proc. Code § 425.16(b)(1) ("A cause of action against a person arising from *any act of that person in furtherance of* the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike . . . .") (emphasis added); *hiQ Labs, Inc. v. LinkedIn Corp.*, 273 F. Supp. 3d 1099, 1116 (N.D. Cal. 2017) ("The reach of the anti–SLAPP statute is broader than the scope of constitutionally protected speech; it applies to a cause of action arising from an act 'in furtherance of' the person's right of free speech under the constitution."), *aff'd and remanded*, 938 F.3d 985 (9th Cir. 2019).

Likewise, to the extent Peak Health suggests that Mr. Dorfman is not entitled to a fee award because some of his arguments were unsuccessful, the law does not support Peak Health's position. Where a party "has obtained excellent results, . . . the fee award should not be reduced simply because the [party] failed to prevail on every contention raised in the lawsuit. . . . [T]he most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 435–36. Here, Mr.

United States District Court
Northern District of California

1    Dorfman achieved a high degree of success: dismissal of all claims with prejudice.

2         **2.    Whether the motion to strike was effective**

3         Peak Health contends that Mr. Dorfman's success must be attributed to his successful

4    motion to dismiss, not to his motion to strike.  According to Peak Health, because the Court found

5    that four of the seven challenged statements were not constitutionally protected, Mr. Dorfman only

6    partially prevailed on the anti-SLAPP motion, and that if not for the "*unrelated* 12(b)(6) motion,"

7    the Court would not have dismissed all claims.  Dkt. No. 58 at 8 (emphasis original).  This

8    argument is unpersuasive.  Mr. Dorfman's motion to dismiss the SAC was closely related to the

9    anti-SLAPP motion; the two motions were nearly identical.  *Compare* Dkt. No. 44 *with* Dkt. No.

10   45.  Mr. Dorfman successfully moved to strike all Peak Health's claims under the anti-SLAPP

11   statute and also successfully moved to dismiss those same claims under Rules 9(b) and 12(b)(6).

12   Although the Court could have dismissed the action solely under Rules 9(b) and 12(b)(6), the

13   Court could also have stricken all Peak Health's claims solely under the anti-SLAPP statute.

14   Therefore, it cannot be said that the anti-SLAPP motion had "no practical effect" on the outcome

15   of this action.

16        **B.    Lodestar Analysis**

17        The Court begins by considering the reasonableness of Mr. Dorfman's asserted hourly

18   rates and hours expended.  *Hensley*, 461 U.S. at 433.

19        **1.    Reasonable hourly rate**

20        "In determining a reasonable hourly rate, the district court should be guided by the rate

21   prevailing in the community for similar work performed by attorneys of comparable skill,

22   experience, and reputation."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.

23   1986), *reh'g denied, amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v.*

24   *Stenson*, 465 U.S. 886, 895 n.11 (1984)).  "Generally, the relevant community is the forum in

25   which the district court sits."  *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).  The fee

26   applicant has the burden of producing evidence, other than declarations of interested counsel, that

27   the requested rates are in line with those prevailing in the community for similar services by

28   lawyers of reasonably comparable skill, experience and reputation.  *Blum*, 465 U.S. at 896 n.11.

1   "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the

2   community, and rate determinations in other cases, particularly those setting a rate for the

3   plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers*

4   *of Am. v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990).

5          Mr. Dorfman seeks fees based on the hourly rates of his two attorneys and one paralegal:

6   Matthew Cate ($475/hour in 2019, $540/hour in 2020), Robert Gutierrez ($725/hour), and Ryan

7   Relyea ($280/hour).  Dkt. No. 55 at 6.  To support the reasonableness of the identified hourly

8   rates, Mr. Dorfman relies on the declaration of Mr. Cate.  Dkt. No. 55-1.  The declaration includes

9   descriptions of Mr. Cate's, Mr. Gutierrez's, and Mr. Relyea's qualifications and experience, as

10  well as billing records for work performed in this case.  However, Mr. Cate's declaration does not

11  discuss what the prevailing rate in the relevant community might be, other than to note that his

12  billing rate at his previous firm was $575/hour.  *Id.* ¶ 2.

13         Mr. Dorfman's fee request contains very little information about the prevailing market rate

14  for similar work performed by attorneys of comparable skill, experience, and reputation in this

15  community.  Mr. Dorfman did not submit declarations from other attorneys attesting to the

16  reasonableness of the claimed rates.  Instead, he relies on citations to a few cases for the apparent

17  proposition that his request must be reasonable because other courts have awarded more to other

18  attorneys in other types of cases.  Dkt. No. 55 at 6, 9.  The cases on which Mr. Dorfman relies are

19  not particularly helpful because they concern different claims and relevant markets, and because

20  some of them are not recent.  *See H.P.D. Consolidation, Inc. v. Pina*, No. 15-cv-05309-EMC,

21  2017 WL 1046960, at *1 (N.D. Cal. Mar. 20, 2017) (plaintiff was a provider of wine storage and

22  logistics that brought a civil RICO claim and sought fees under 28 U.S.C. § 1927); *Graham-Sult v.*

23  *Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (concerning claims for conversion, unjust enrichment,

24  breach of fiduciary duty, copyright infringement arising out of a probate dispute); *Metabolife Int'l*

25  *v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (lacking discussion concerning

26  reasonable hours expended or hourly rates, and concerning the market in the Southern District of

27  California); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658 (1996) (concerning

28  emotional distress claim, lacking discussion of specific hours or rates, and concerning the Los

1    Angeles market).  The Court is required to consider cases that were decided relatively

2    contemporaneously to time the work was performed.  *See Camacho v. Bridgeport Fin., Inc.*, 523

3    F.3d 973, 981 (9th Cir. 2008) (noting that "in determining the prevailing market rate a district

4    court abuses its discretion to the extent it relies on cases decided years before the attorneys

5    actually rendered their services"); *Bell v. Clackamas County*, 858 F.3d 858, 869 (9th Cir. 2003)

6    (holding that it was an abuse of discretion for the district court to apply rates in effect more than

7    two years before the work was performed).

8         The Court has identified more useful decisions from other judges in this District.  For

9    example, in *Resolute Forest Products, Inc. v. Greenpeace International*, Judge Tigar determined

10   that hourly rates between $225 and $775 for experienced First Amendment litigators from Georgia

11   and California were reasonable.  No. 17-cv-02824-JST, 2019 WL 8377690, at *7 (N.D. Cal. Nov.

12   24, 2019).  Similarly, in *Wynn v. Chanos*, Judge Orrick found an hourly rate of $750 reasonable

13   for an attorney with over 35 years of experience specializing in First Amendment and media cases.

14   No. 14-cv-04329-WHO, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015).  Considering those

15   decisions together with Mr. Cate's declaration, the Court finds that the requested hourly rates for

16   Messrs. Cate and Gutierrez are reasonable.  *See Cuviello v. Feld Entm't, Inc.*, No. 13-cv-04951-

17   BLF, 2015 WL 154197, at *2 (N.D. Cal. Jan. 12, 2015) ("The Court has broad discretion in setting

18   reasonable hourly rates used in the lodestar calculation.").

19        However, the same cannot be said for Mr. Relyea's requested rate.  Other judges in this

20   District have concluded that a reasonable rate for paralegals in the local market ranges between

21   $150 and $220 per hour in defamation/First Amendment actions.  *See, e.g.*, *Open Source Sec. Inc.*

22   *v. Perens*, No. 17-cv-04002-LB, 2018 WL 2762637, at *4 (N.D. Cal. June 9, 2018) ($220); *Wynn*,

23   2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015) ($170).  Most recently, Judge Tigar awarded

24   anti-SLAPP fees for a paralegal at the rate of $240 per hour (reduced from the requested $300 and

25   $350 hourly rates) based on the complex nature of the case and the fact that the paralegal in that

26   case had over 36 years of experience.  *Resolute Forest*, 2019 WL 8377690, at *6.  This action is

27   far less complicated than the facts presented in *Resolute Forest*, and Mr. Relyea possesses less

28   than half the years of experience of the paralegal in that case.  Accordingly, the Court finds it

United States District Court
Northern District of California

8

1    appropriate to reduce Mr. Relyea's hourly fee to $200 per hour.

2        Peak Health asserts that defense counsel's billing rates are unreasonable but does not say

3    why.  Dkt. No. 58 at 1, 8.  A party opposing a fee request must provide specific objections to

4    specific billing entries; conclusory and unsubstantiated objections do not warrant a fee reduction.

5    *Open Source*, 2018 WL 2762637, at *4, *aff'd*, No. 18-15189, 2020 WL 589649 (9th Cir. Feb. 6,

6    2020); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

7                    **2.    Hours reasonably expended**

8        Mr. Dorfman argues that the 110.5 hours his counsel spent on researching and drafting

9    briefing and attending oral argument for both the motion to dismiss the SAC and the anti-SLAPP

10    motion to strike and the 13.9 hours spent drafting the motion for fees were reasonable.  Dkt. No.

11    55 at 7–8.

12        California's anti-SLAPP statute allows a movant to recover only fees and costs incurred in

13    connection with the anti-SLAPP motion itself, not the entire action.  *Minichino v. First Cal.*

14    *Realty*, No. C-11-5185 EMC, 2012 WL 6554401, at *4 (N.D. Cal. Dec. 14, 2012) (citing *Paul for*

15    *Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1362 n.4 (2001); *Lafayette Morehouse, Inc. v.*

16    *Chronicle Publ'g Co.*, 39 Cal. App. 4th 1379, 1383 (1995)).  However, "[w]ork that is inextricably

17    intertwined with an anti-SLAPP motion is compensable." *Fallay v. San Francisco City & Cty.*,

18    No. 08-cv-2261-CRB, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016).  As discussed above, Mr.

19    Dorfman's motion to dismiss the SAC and his second anti-SLAPP motion were nearly identical.

20    The Court therefore finds that the two motions were inextricably intertwined, and that Mr.

21    Dorfman may recover for time spent in connection with the motion to dismiss and the motion to

22    strike.  *See, e.g.*, *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008)

23    (where a defendant files "motions to strike and to dismiss" that are "based entirely on a common

24    factual scenario . . . [a]ll expenses incurred on common issues of fact and law qualify for an award

25    of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned");

26    *Metabolife*, 213 F. Supp. 2d at 1223 (holding that where an "entire lawsuit is subject to the anti-

27    SLAPP motion because all causes of action . . . relate to free speech and all of the activity by

28    [movant's] attorneys occurred in the context of, and were inextricably intertwined with, the anti-

United States District Court
Northern District of California

1    SLAPP motion," then "[a]ll of [movant's] attorney fees and expenses were incurred 'in connection

2    with' the anti-SLAPP motion").

3         Peak Health argues that the number of hours Mr. Dorfman's counsel expended on the

4    motion to dismiss and the motion to strike was unreasonable.  Dkt. No. 58 at 8–9.  First, Peak

5    Health repeats its earlier argument that Mr. Dorfman does not deserve fees for his unsuccessful

6    argument that four of the challenged statements were constitutionally protected.  *Id.*  For the

7    reasons explained above, that argument is unavailing.  *See supra* Section III.A.1.  Second, Peak

8    Health contends that the fact that defense counsel spent over 110 hours briefing and arguing both

9    motions is at odds with counsel's purported expertise in First Amendment law.  *Id.* at 9.  Peak

10   Health does not say how much time would have been reasonable, nor does it point to any specific

11   billing entries that it believes are unreasonable.  Because Peak Health did not provide any specific

12   objections to specific billing entries, its conclusory and unsubstantiated objections do not warrant

13   a fee reduction.  *Open Source*, 2018 WL 2762637, at *4, *aff'd*, No. 18-15189, 2020 WL 589649

14   (9th Cir. Feb. 6, 2020); *see also Gates*, 987 F.2d at 1397–98.

15        However, the Court has an independent duty to ensure that the number of hours supporting

16   the fee request are reasonable.  *See, e.g.*, *Gates*, 897 F.2d at 1402 (district court required to

17   independently review plaintiff's fee request even absent defense objections).  A court may reduce

18   fees claimed if the documentation is inadequate, the submitted hours are duplicative or inefficient,

19   or the requested fees appear excessive or otherwise unnecessary.  *Hensley*, 461 U.S. at 434; *see*

20   *also Chalmers*, 796 F.2d at 1210.  Mr. Gutierrez spent 4.7 hours largely "reviewing and

21   analyzing" briefing and other filings related to Mr. Dorfman's motion to dismiss the FAC and first

22   anti-SLAPP motion, which predate the filing of the SAC.[2]  Dkt. No. 55-1 at ECF p.8.  Mr.

23   Dorfman does not explain how these hours reflect work on the motions for which he now seeks

24   fees, and the Court therefore finds them not justified.  The Court also finds the 0.2 hours Mr.

25

26   ───────────────

27   [2] This includes the following entries: "Research the docket" on December 9, 2019; "Review and
     analyze" various documents related to the FAC, the motion to dismiss the FAC, and the anti-
     SLAPP motion to strike the FAC on December 10, 2019; and "Review transcript" of the hearing

28   on the motion to dismiss the FAC and the anti-SLAPP motion to strike the FAC on December 16,
     2019.

United States District Court
Northern District of California

Gutierrez spent reviewing the reply brief in support of the second anti-SLAPP motion after it had already been filed on January 7, 2020 to be unreasonable.  Additionally, the Court finds the 0.4 hours Mr. Gutierrez spent reviewing the Court's order granting Mr. Dorfman's motion to dismiss the SAC and second anti-SLAPP motion on February 24, 2020 to be duplicative of the 0.7 hours Mr. Cate spent reviewing the same order.  Accordingly, the Court deducts 5.3 hours from Mr. Gutierrez's total billed time.  The Court finds the 85.2 hours Mr. Cate spent and the 4.9 hours Mr. Relyea spent in connection with the motion to dismiss the SAC and the anti-SLAPP motion to be reasonable.  *Id.* at ECF pp.8, 11.

Mr. Dorfman also seeks fees related to filing the motion for attorneys' fees itself and submitted evidence that Mr. Cate spent 11.5 hours working on the motion and Mr. Gutierrez spent 2.4 hours on the motion.  *Id.* ¶ 17.  Peak Health does not appear to object to this request.  The Court finds that this request is reasonable.

Multiplying the reasonable hourly rates and the hours reasonably expended yields a lodestar amount of $61,699.50 as reflected in the following table:

| Attorney/Paralegal | Rate | Hours | Total |
|---|---|---|---|
| Matthew Cate | $475 (2019) $540 (2020) | 64.4 (2019) 32.3 (2020) | $48,032 |
| Robert Gutierrez | $725 | 17.5 | $12,687.50 |
| Ryan Relyea | $200 | 4.9 | $980 |
| | | Total: | **$61,699.50** |

## IV.    CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Mr. Dorfman's motion for attorneys' fees.  Peak Health is ordered to pay $61,699.50 to Mr. Dorfman for attorneys' fees incurred.

**IT IS SO ORDERED.**

Dated: June 16, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

11